# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Larry F. Dean,

        Plaintiff,

v.

John King, Warden Stillwater Prison,
Regina Stepney, Tammy Whereley,
Lt. Andreachi, and Lt. Dinuccio,,

        Defendants.

Civil No. 09-1745 (RHK/SRN)

**MEMORANDUM AND ORDER**

---

## I. Introduction

This matter is presently before the Court pursuant to a letter from the above-named Plaintiff, which is dated July 20, 2009. (Docket No. 4.) The Clerk of Court has filed Plaintiff's letter as an "Appeal/Objection" to a previous order entered by the presiding Magistrate Judge in this case. (See Order dated July 13, 2009; [Docket No. 3].) The Court agrees with the Clerk's construction of Plaintiff's recent letter, and it will be treated as an objection to the Magistrate Judge's prior order. See Local Rule 72.2(a).[1] For the reasons discussed below, Plaintiff's objection is OVERRULED.

---

[1] Local Rule 72.2(a) provides that –

"A Magistrate Judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made.

A party may respond to another party's objections within 10 days after being served with a copy thereof. Any objections or responses to objections filed under this rule shall not exceed 3,500 words counted in accordance with Rule 7.1 and must

## II. Background

Plaintiff is a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota. He commenced this action by filing a pro se pleading entitled "Complaint for Violation of Civil Rights under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not tender the $350.00 filing fee for this action when he submitted his complaint for filing, but he instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)

Under the Prison Litigation Reform Act of 1995, ("PLRA"), prisoner IFP applicants must pay an initial partial filing fee to be eligible for IFP status. See 28 U.S.C. § 1915(b)(1). Based on the information provided in Plaintiff's IFP application, the Magistrate Judge determined that Plaintiff is required to pay an initial partial filing fee in this case in the amount of $151.74. The Magistrate Judge ordered Plaintiff to pay his initial partial filing fee within twenty days, (i.e., by no later than August 3, 2009). Plaintiff was informed that if he did not pay his initial partial filing fee by that deadline, he would be deemed to have abandoned this case, and it would be recommended that the case be summarily dismissed for lack of prosecution.

Plaintiff has paid $70.00 toward his initial partial filing fee, but he has not tendered the full amount required by the Magistrate Judge's order. He still owes $81.74.

---

comply with all other requirements contained in Rule 7.1(c) and (e).

The District Judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider any matter sua sponte."

In his pending objection to the Magistrate Judge's fee-payment order, Plaintiff contends that the Magistrate Judge miscalculated the amount of the initial partial filing that he should be required to pay pursuant to § 1915(b)(1). He further contends that even if his initial partial filing fee was properly calculated, he should be excused from paying the remaining balance of $81.74. Both of Plaintiff's arguments are rejected.

### III. Discussion

A. <u>Calculation of Plaintiff's initial partial filing fee</u>

Plaintiff's IFP application includes a "Certificate" section, which provides information regarding his prison trust account, as required by 28 U.S.C. § 1915(a)(2). The certified trust account information shows that the average of the monthly deposits to Plaintiff's trust account during the preceding six months was $26.59, and the average monthly balance during the same period was $758.72. According to § 1915(b)(1), Plaintiff's initial partial filing fee is 20% of the greater of those two amounts. Thus, the Magistrate Judge reasonably determined that Plaintiff's initial partial filing fee is 20% of $758.72, which is $151.74.

Plaintiff now argues that the certified trust account information provided by his IFP application is inaccurate. He claims that his average monthly trust account balance during the preceding six months was only $580.00, rather than $758.72, as shown on his original IFP application. Plaintiff has submitted several new monthly "Trust Account Statements" to support his argument. (<u>See</u> Attachments to Plaintiff's Objections, [Docket No. 4].) The Court rejects Plaintiff's argument regarding the calculation of his initial partial filing fee for two reasons.

First, the Magistrate Judge's calculation of Plaintiff's initial partial filing fee is based on the trust account information set forth in the Certificate section of the IFP application, which has been <u>certified</u> by a prison official, as required by § 1915(a)(2). Plaintiff's recently submitted "Trust Account Statements" are <u>not</u> so certified. The Magistrate Judge's calculation of Plaintiff's initial partial filing fee, which is based on properly certified trust account information, will not be set aside and replaced by a recalculation based on new trust account information that is not certified.

Furthermore, Plaintiff's objection to the Magistrate Judge's calculation of his initial partial filing fee is based on an unsustainable premise – namely, that trust account funds designated as "gate savings," (i.e., funds set aside to facilitate an inmate's release from prison), should not be taken into account when calculating the initial partial filing fee. There is nothing in the PLRA which suggests that trust funds earmarked for a prisoner's release should be excluded from the calculation of the § 1915(b)(1) initial partial filing fee. Other courts that have considered the issue have concluded that such release funds should be included when making § 1915(b)(1) calculations. <u>See</u> <u>Spence v. McCaughtry</u>, 46 F. Supp. 2d 861, 863 (E.D.Wis. 1999) ("there is nothing in the language, structure or purpose of the PLRA that would suggest that release accounts were meant to be excluded from the Act's filing fee provisions"); <u>Carter v. Bennett</u>, 399 F. Supp. 2d 936 (W.D.Wis. 2005) (same).

If Plaintiff's gate savings are included in the calculation of his initial partial filing fee, as prescribed by the cases cited above, then Plaintiff's initial partial filing fee would <u>not</u> be reduced by recalculating the fee based on his new trust account statements. In fact, if Plaintiff's initial partial filing fee were recalculated based on his new trust account statements, and if his gate savings were included in the recalculation, his initial partial filing fee would actually be <u>greater</u> than the amount

previously calculated by the Magistrate Judge.[2]

Thus, Plaintiff has not shown that the Magistrate Judge's calculation of his initial partial filing fee was "clearly erroneous or contrary to law," as required by Local Rule 72.2(a).  See n.1, supra.  The Magistrate Judge's calculation of the initial partial filing fee was based on certified trust account information, as required by §§ 1915(a)(2) and 1915(b)(1).  That calculation will not be set aside based on Plaintiff's new uncertified trust account statements.  Furthermore, even if Plaintiff's initial partial filing fee were recalculated based on his new (uncertified) statements, his fee obligation would be lower only if his gate savings were left out of the recalculation – a proposition which Plaintiff is unable to sustain.[3]

B.  Plaintiff cannot be excused from his fee obligation

Plaintiff further contends that, in any event, he should be excused from paying the remainder of his initial partial filing fee, because he does not presently have enough money to pay the outstanding balance of $81.74.

---

[2]  The average monthly balance of Plaintiff's trust account during the six-month period covered by the new trust account statements, including gate savings, is $950.46.  Based on that amount, Plaintiff's initial partial filing fee, under the § 1915(b)(1) formula, would be $190.09, ($950.46 x 20% = $190.09), which obviously is greater than the $151.74 initial partial filing fee that the Magistrate Judge calculated using the certified trust account information furnished in Plaintiff's original IFP application.

[3]  According to Plaintiff, his new trust account statements show that his average monthly trust balance, without gate savings, is "approximately $580.00."  Therefore, if the Court were to accept Plaintiff's argument regarding the recalculation of his initial partial filing fee, his recalculated fee, under the formula prescribed by § 1915(b)(1), would be $116.00, ($580.00 x 20% = $116.00).  To date, Plaintiff has paid only $70.00, so even under his own recalculation argument, he still would have to pay another $46.00.

The Court recognizes that prisoner-IFP applicants may sometimes be excused from paying the initial partial filing fee required by § 1915(b)(1), because § 1915(b)(4) provides that:

> "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

However, the initial partial filing fee requirement would be rendered meaningless if prisoners could deplete their trust accounts shortly before (or after) filing a federal lawsuit, and then be excused from paying any initial partial filing fee pursuant to § 1915(b)(4). As the Seventh Circuit Court of Appeals has explained:

> "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets <u>and no means</u> by which to pay the initial partial filing fee.'"

<u>Newlin v. Helman</u>, 123 F.3d 429, 435 (7th Cir. 1997), <u>cert</u>. <u>denied</u>, 522 U.S. 1054 (1998), and overruled on other grounds by <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000) and <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000), (emphasis in the original).

In this case, Plaintiff's IFP application, (Docket No. 2), shows that on June 26, 2009 – the day after he signed his complaint – he had $260.22 of "spending" funds in his trust account. That amount was more than sufficient to cover his initial partial filing fee of $151.74. However, Plaintiff evidently used his available trust account funds for other purposes. Having depleted his trust account before paying the full amount of his initial partial filing fee, Plaintiff now asks to be excused from paying the rest of the required fee, because he no longer has enough money. That request must be denied. "'If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be

entitled to honor.'" Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998), cert. denied, 526 U.S. 1070 (1999), quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir.) (internal citation omitted), cert. denied, 522 U.S. 874 (1997).

In sum, the Court finds that because Plaintiff had sufficient funds to pay his initial partial filing fee when he prepared and signed his complaint in this case, he is not eligible for the filing fee exception provided by § 1915(b)(4).

Although Plaintiff cannot be excused from paying the initial partial filing fee prescribed by the Magistrate Judge's prior order, the Court will grant Plaintiff one final opportunity to pay that fee. If Plaintiff pays the balance of his initial partial filing fee – $81.74 – by September 25, 2009, this matter will be referred back to the Magistrate Judge for further proceedings.[4]  However, if the outstanding balance of the initial partial filing fee is not paid in full by that date, Plaintiff will be deemed to have abandoned this case, and the case will be summarily dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's objection to the Magistrate Judge's order dated July 13, 2009, is overruled; and

2. Plaintiff shall pay the outstanding balance of his initial partial filing fee – i.e., $81.74 –

---

[4]  The Magistrate Judge previously advised Plaintiff that if he pays his initial partial filing fee, his complaint will then have to undergo the preliminary "screening" process mandated by 28 U.S.C. § 1915A.  (Order dated July 13, 2009, [Docket No. 3], p. 3.)  Plaintiff was further advised that his complaint appears to be fatally defective, because it does not allege any violation of his federal constitutional rights – an essential requirement for an action brought under 42 U.S.C. § 1983. (Id., p. 3, n.1.)  Plaintiff should carefully reconsider the Magistrate Judge's observations as he decides how to proceed in this matter.

by no later than September 25, 2009, failing which this action will be summarily dismissed without prejudice.

Dated: August 26 , 2009

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge